# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J.D. ISAACS, an individual, | § | |
| | § | |
| Plaintiff/Movant, | § | |
| | § | |
| v. | § | Misc. Action No. SA-14-MC-12-XR |
| | § | Civil A. No.:12-CV-40(JL) (D.N.H.) |
| PACER Service Center, | § | |
| | § | |
| Respondent. | § | |

## RESPONSE TO COURT'S ORDER

Now comes the Administrative Office of U.S. Courts, (AOUSC), and PACER Service Center, Respondents herein, by and through Robert Pitman, the U.S. Attorney for the Western District of Texas and files this, its Response to this Court's Order of April 1, 2014, and in support hereof would show the Court the following.

**Procedural Background**

The Plaintiff in the above referenced case, J.D. Isaacs, *pro se*, (Isaacs), apparently seeks the disclosure of specified records from the Public Access to Courts Electronic Records (PACER) system. Isaacs has a pending suit in U.S. District Court in New Hampshire and has generated a subpoena *duces tecum* from this court addressed to the PACER Service Center. Attachment 1.

Neither the U.S. AOUSC nor PACER are parties to Isaacs's underlying New Hampshire lawsuit. Isaacs seeks the names of PACER users along with corresponding docket items accessed and the date accessed for a civil case (06-cv-03338-GAF, Central District of California, Isaacs v. Keck), from September 2009 through August 2013. In his September 20, 2013 cover letter to the PACER Service Center, attached to the subpoena, Isaacs notes that he is seeking

audit logs, ("PACER access history") of those who accessed the docket of this lawsuit. Attachment 2.   In support of his request he stated: "It is believed that important or critical evidence for pending litigation exists within the PACER system." Id.

On or about September 18, 2013, Isaacs issued the subpoena to the PACER Service Center, 7550 IH 10 West, Suite 600, San Antonio, Texas.   On November 11, 2013, the General Counsel's Office, AOUSC, responded to the Subpoena.  Attachment 3.

The November 11, 2013, response by the AOUSC noted that there were Rules and Policies issued by the Federal Judiciary relating to the disclosure of testimony and production of records.  Id.   Because there was no compliance with these Rules and Policies, Isaacs' request for information was denied.  "…Your request, for example, is unsupport[ed] by any explanation as to the relevance of the information you have requested or a reason why it is not readily available from another source.  In addition, your request is in connection with litigation between private parties, and the Judiciary seeks to avoid spending its resources for private purposes and to minimize its involvement in matters unrelated to its mission."

In reply to this letter, Isaacs filed a motion to compel pursuant to Rule 45.  On March 3, 2014, this Court entered an order directing PACER to respond to Plaintiff's Motion no later than March 21, 2014.  Unfortunately, neither PACER nor the General Counsel's Office for AOUSC received a copy of this Court's March 3, 2014 Order.  Once the General Counsel's Office became aware of the Court's Order on March 24, 2014, it shortly thereafter contacted the U.S. Attorney's Office regarding this matter and a Motion to Extend Time to File a Response to the Court's Order was filed.  On April 1, 2014, the Court granted the Motion.

2

**Touhy Regulations**

As the Court is aware, many federal government departments and agencies have promulgated regulations related to requests for official government information and/or oral testimony.  The federal government frequently receives numerous demands for information of both records and testimony and the regulations address procedures for request and for responding to requests.

As an aside, it is noted that federal judiciary is in a unique position in regards to its information in the context of litigation.  It is of course, pursuant to the Constitution, an independent branch of the federal government and as such, is not subject to a host of statutes and regulations applicable to the federal executive branch.  While court records are appropriately transparent and openly accessed by the public, there are a range of unique issues pertaining to the courts and the need to safeguard privacy interests of its users and security of its records.  Here, while the issues before the court involve access to court records, the specific information requested are records that are not readily accessible to the public.

While there are procedures available to obtain such information, in this case, the request came in the form of subpoenas and other court related discovery.  Of course, the time period for responding to these requests in the context of federal litigation is relatively short.  As the recent government shutdown demonstrated, the resources available to the government are limited.  Faced with accomplishing their underlying mandated missions, the diversion of resources to address frequent requests for information for non-governmental purposes, as well as the need to centrally review such requests in order to safeguard specific information and to respond

3

uniformly to these requests, among other reasons, federal agencies have established policy regulations related to procedural review of these requests.

These regulations are commonly referred to as "*Touhy Regulations*", which were created as a result of the seminal case, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Almost without exception, a federal government employee is prohibited from testifying or providing official information or documents without authorization from a designated agency official. Statutory authority for these "Touhy Regulations" is generally found at 5 U.S.C. §301, otherwise known as the "Housekeeping Statute". This statute does not authorize the withholding of information from the public, but rather authorizes an agency to set up regulatory procedures or rules for reviewing a request for information/testimony and in determining whether such information is subject to release or may be properly withheld from disclosure.

While individual agency Touhy Regulations vary, they invariably provide that a central authority will make the determination regarding the Touhy Request. Such authorizing officials often have a wider range of knowledge of agency functions and operations and are provided with regulatory guidance in making determinations as to how to respond to a Touhy Request. The Supreme Court initially reviewed these agency "housekeeping" regulations in *Touhy*. The *Touhy* case involved an FBI Special Agent (SA) who had been held in contempt by the district court for refusing to produce subpoenaed documents. The FBI SA refused to comply with the court subpoena pursuant to instructions from his supervisors, per applicable DOJ regulations. The Supreme Court held that federal agency employees cannot be held in contempt of court for complying with the housekeeping regulations and instructions they received from designated authorizing officials. Since the initial *Touhy* decision, many courts have reviewed the underlying

4

federal regulations; their applicability in a variety of circumstances, as well as the final decisions made in response to Touhy Requests by agency authorized officials.    Given the variety of circumstances that *Touhy* issues arise, courts across the country have issued decisions reflecting differing views as to what approach their judicial review will take in regards to the agency's Touhy determinations.

**Fifth Circuit Decisions:**

"In *Touhy*, the Court held that the precursor of the Justice Department regulations were valid and that a court could not enforce a subpoena against a Justice Department employee who had been ordered by department superior not to comply with the subpoena." *State of Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992)(citations omitted).

While *Sparks* specifically dealt with a state issued subpoena to a federal employee, the Fifth Circuit in *U.S. v. Wallace*, 32 F.3d 921 (5th Cir. 1994), examined, in the context of a federal case, whether following Touhy Regulations were likewise applicable to requests for information/testimony from the government and its employees.    In *Wallace*, the Court upheld the district court's basis of quashing the subpoenas of federal agents because there had been no compliance with applicable agency Touhy Regulations. Id at. 929-30.  Similarly in *United States v. Jimenez-Montoya,* 2009 WL 3294798 (5th Cir.2009) at **2, n2, the Court, in noting that it need not reach the underlying issue of whether the Department of Homeland Security Touhy Regulations were mandatory, stated, "… this court has previously held that compliance with a Touhy regulation is 'mandatory'…".

Here, the U.S. Courts have likewise issued Touhy Regulations regarding requests for testimony and production of its records.  Attachment 4.  Section 810.10 sets out the purpose of

these Touhy Regulations and states *inter alia*, to "... conserve the time of federal judicial personnel for conducting official business; minimize the involvement of the federal judiciary in issues unrelated to its mission; avoid spending the time and money of the United States for private purposes; and protect confidential and sensitive information and the deliberative processes of the federal judiciary." Section 820, "Testimony and Production of Records", states that "Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations."

Section 830, "Contents and Timeliness of a Request", requires that an affidavit or written statement by the party seeking the information, containing an explanation of the nature of the records sought, the relevance of such records to the legal proceeding and the reasons why the information cannot be readily available from other sources or by other means. This section also states that the determining official may deny the request if there is insufficient information provided. Id.

Section 850 sets out the considerations that may be used by an authorized official in making a decision regarding the disclosure of records or information. Listed among these considerations are: "The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission; ... whether the request is unduly burdensome or is inappropriate under court or administrative rules; ... whether the [information] would disclose confidential information...; whether the request seeks testimony, records or documents available from other sources. If there is a decision not to allow disclosure, the determining officer should notify the requestor of the regulations and the federal

judicial personnel upon whom the request was made must respectfully decline to comply with the request." *Id.*

Like *Wallace* and *Jimenez-Montoya, supra,* where the subpoenas were quashed, here was no effort to comply with the agency's Touhy Regulations – the only explanation that Isaacs has provided is his subjective belief that PACER account records would be, "important or critical evidence for pending litigation".   No detailed explanation or relevancy statement was offered, nor was there any statement provided as to whether the information sought could be obtained from other sources.  Here for example, the requestor could seek direct discovery (e.g., requests for admissions, interrogatories, production and/or depositions), from individuals or entities which would indicate whether or not they accessed relevant PACER records regarding his litigation.  In fact, as Isaacs concedes in his Motion to Compel, "Indeed, Defendants [in the New Hampshire case] have admitted that they learned about the 2006 litigation through lawsuit searches."  Armed with these admissions, the necessity to directly obtain PACER information regarding access seems remote.

Nor has Isaacs made any effort to narrow his general request for PACER records. Rather the scope of his request would require PACER to access and produce listings of all PACER users accessing all Court documents in an identified case for a period of three years.  The scope of the request, and review of the same certainly could have been developed and narrowed through the interplay of the Court's Touhy Regulations had they been followed by Isaacs.  Accordingly, on the basis that Isaacs has failed to comply with applicable Touhy Regulations, the Court should deny Isaacs' Motion to Compel.

As this correctly Court noted in its prior order, courts are divided on the applicability of Touhy Regulations in federal cases.  Some courts' analysis has led them to conclude that the ordinary precautions under Rule 45, F. R. Civ. Proc. and other rules of procedure are applicable and sufficient and they may disregard agency Touhy Regulations.  Other courts, however, have found the Touhy Regulations to be relevant and should be applied. These courts applied the applicable agency's regulatory standards to the request, and in reviewing the agency's Touhy Response to the request, the Courts applied an Administrative Procedures Act (APA) standard of review.

Here, while it is noted that while the APA by its express terms does *not* apply to the judiciary branch of the government, the U.S. Attorney's Office would recommend that the Court review the Motion to Compel within the analogous framework analysis of the APA.

In this analogous context, Courts, such as the Second Circuit, have determined not only that the APA review standards apply to Touhy Requests and Responses, but also that the APA's mandatory exhaustion of administrative remedies principles apply. *See, In re Security and Exchange Commission*, 374 F.3d 184, 191, n.8 (2nd Cir. 2004)("Because the purpose of APA §704 is to allow the agency a full opportunity to consider and correct its own mistakes, the agency may waive otherwise applicable exhaustion requirements where it deems fulfillment of those actions unnecessary.  The agency's action would then be 'final' and subject to APA review". (Citations omitted).  Applying this APA standard of judicial review by the Court permits the agency a reasonable opportunity to review a request for agency information initially without having to expend the time and resources of the Court.  After the agency has reviewed and responded to the request and/or otherwise made a final agency determination, the issue

becomes ripe for judicial determination. This approach certainly has the added advantage of refining/defining what facts and issues are in dispute as well as allowing the opportunity to resolve issues short of requiring judicial review.

The undersigned can represent to the court that a vast majority of potential *Touhy* related litigation referrals, under circumstances similar to those presented here, are resolved informally, obviating the necessity for judicial intervention and review.

As the court is aware, the APA review involves examining an agency's determination under a differential "arbitrary and capricious" standard. See, 5 U.S.C. § 706(2)(A)(to reject an agency's determination under the APA, the decision must be found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law"). "To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)*. Although this inquiry into the facts is searching and careful, the ultimate standard is a narrow one. The court is not empowered to substitute its judgment for that of the agency. *Id.*

In *Beckett v. Serpas*, 2013 WL 796067 (USDC EDLA 2013), the court recently undertook a comprehensive review of competing court views on this issue and applied the APA standard as opposed to Rule 45 and discovery related standards under the Federal Rules of Civil Procedure in reviewing the agency's determination regarding the release of records or information in a Touhy Response. Should this Court undertake a similar review, the U. S. Attorney's Office would assert that the decision not to provide the information requested by

Isaacs is well within the Court's Touhy Regulatory guidelines and is not arbitrary, capricious or an abuse of discretion and accordingly deny Isaacs Motion to Compel on those grounds.

**Privacy Interests**

It is noted that PACER users have a reasonable expectation of confidentiality and privacy in their access to the system. The PACER website provides a "Privacy and Security Notice" to its users. Attachment 5. This public notice provides that while PACER collects and stores information regarding the name of the domain from which you access the Internet as well as the date and time of access: "PACER staff will not give, sell or transfer any personal information to third parties, except in the following cases: To secure payment …; If compelled by law; If you direct us to do so; In other legally limited circumstances (for example to protect your account from fraud)."

Here, had Isaacs obtained proper releases directly from individual/entities who potentially accessed their PACER accounts, PACER would have provided the requested information.

Alternatively, PACER is willing to provide the information sought by Isaacs to the Court for an *in camera* inspection and/or pursuant to a Privacy Order issued from the Court which would maintain the reasonable expectation of privacy of the PACER users pursuant to PACER's Privacy and Security Notice.

Wherefore, premises considered, the Respondents request that Isaacs Motion to Compel be in all matters denied.

Respectfully submitted,

**ROBERT PITMAN**
United States Attorney

By:     */s/ John F. Paniszczyn*
**JOHN F. PANISZCZYN**
Assistant U.S. Attorney
Texas Bar No. 15443855
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597
Tel. (210) 384-7325
Fax (210) 384-7312

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, and that I have mailed by United States

Postal Service the document to the following non-CM/ECF participant:

J.D. Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073

*/s/ John F. Paniszczyn*
**JOHN F. PANISZCZYN**
Assistant U.S. Attorney

ATTACHMENT 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| Doctor J.D. Isaacs | ) | |
| _Plaintiff_ | ) | |
| | ) | Civil Action No. 12-cv-40-JL |
| Dartmouth-Hitchcock Medical Center, Trustees of | ) | |
| Dartmouth College, Mary Hitchcock Memorial Hospital, | ) | |
| Doctor Christine Finn | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | District of New Hampshire ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: PACER Service Center, 7550 IH 10 West, Suite 600, San Antonio, Texas 78229

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: PACER access audit records (name of PACER user, docket item accessed, date accessed) for civil case 06-cv-03338-GAF (Central District of California, Isaacs v. Keck), spanning September 2009 through August 2013

| Place: USDC Western Texas conference room, or electronically to jeffreydi@gmail.com , or via USPS (see below address) | Date and Time: October 21, 2013 11AM, or mailed before 10/21 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: SEP 18 2013

CLERK OF COURT WILLIAM G. PUTNICKI

_Diana Garcia_     OR     _____

_Signature of Clerk or Deputy Clerk_     _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ Doctor J.D. isaacs
_____ , who issues or requests this subpoena, are:

Doctor J.D. Isaacs (pro se), 3553 West Chester Pike Unit 177, Newtown Square PA 19073
jeffreydi@gmail.com  (212)257-0737

ATTACHMENT 2

From: Jeffrey Isaacs
3553 West Chester Pike Unit 177
Newtown Square, PA 19073
(610) 202-1460


To: PACER Service Center
Attn: Mr. Ralph Gutierrez
7550 IH 10 West, Suite 600
San Antonio, TX 78229


September 20, 2013


Dear PACER Service Center:

I am writing regarding a subpoena issued this week by the United States District
Court in San Antonio. It is believed that important or critical evidence for pending
litigation exists within the PACER system. Specifically, the subpoena requests the
production by the PACER Service Center of audit ("PACER access history") logs for
the past three years for a lawsuit in the California Central District: CV-06-03338-
GAF CACD USDC. Generally, records of who accessed the docket of this lawsuit, and
when, are sought.  Your anticipated compliance with the subpoena is most
appreciated.

The records may be returned by email, US Postal Service, or by inspection at a
location of your choice. If possible, it is preferable that the audit records be sent by
email to minimize delay.

Enclosed is a duplicate copy of the subpoena. Please do not hesitate to contact me if
I am able to clarify or expedite any matters pertaining to this subpoena. Thank you
again for your prompt attention to this matter.


Sincerely,

Jeffrey D. Isaacs

Dr Jeffrey Isaacs

ATTACHMENT 3



HONORABLE JOHN D. BATES
Director

**ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS**

JILL C. SAYENGA
Deputy Director

WASHINGTON, D.C. 20544

ROBERT K. LOESCHE
General Counsel

November 11, 2013

**VIA E-MAIL: jeffreydi@gmail.com**

Jeffrey D. Isaacs, Esq.
3553 West Chester Pike
Unit 177
Newtown Square, Pennsylvania 19073

   Re: *Doctor J.D. Isaacs v. Dartmoouth-Hitchcock Medical Center, et al.,*
     Civil Action No. 12-cv-40-JL (D. N.H.)

Dear Mr. Isaacs:

   This is in response to your subpoena in connection with the above-referenced case
commanding the PACER Service Center to produce specified PACER usage data as to any
person who accessed the docket in *Isaacs v. Keck*, Case No. 06-cv-03338-GAF (C.D. Cal.)
during the period of September 2009 to August 2013. As explained below, your request has been
denied because it fails to satisfy the federal judiciary's disclosure regulations and the PACER
Privacy and Security Policy.

   Requests such as yours are governed by the Federal Judiciary's disclosure regulations,
"Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings"
(Disclosure Regulations), which are publicly accessible on uscourts.gov via the following
hyperlink: http://www.uscourts.gov/RulesAndPolicies/SubpoenaRegulations.aspx.  Under these
regulations, disclosure requests are referred to the appropriate "determining officer", in this
instance the General Counsel of the Administrative Office of the United States Courts.  *See*
Disclosure Regulations, § 840(b)(4).  Requests that fail to satisfy these regulations may be denied
on substantive or procedural grounds.  See *id.*, §§ 630 and 850(a). Your request, for example, is
unsupport by any explanation as to the relevance of the information you have requested or a
reason why it is not readily available from another source. In addition, your request is in
connection with litigation between private parties, and the Judiciary seeks to avoid spending its
resources for private purposes and to minimize its involvement in matters unrelated to its
mission. Thus, you request has been denied.

---

Jeffrey D. Isaacs, Esq.
Page 2

In addition, as you may know, PACER account records are not public and are maintained solely to enable the PACER Service Center to bill its customers. Accordingly, the PACER Privacy and Security Notice, available at http://pacer.psc.uscourts.gov/notice.html, gives PACER users an expectation that their account and transaction data will remain confidential, and third-party access to this information is permitted only under limited, legally-compelling circumstances.  Your request does not justify disclosure of third-party PACER usage information, and, accordingly, it has been denied.

I trust that this is responsive to your request and regret that I cannot further assist you.

Sincerely,

Sigmund R. Adams
Assistant General Counsel

ATTACHMENT 4

## SUBPOENA REGULATIONS
view full screen or print

**Subpoena Regulations**

Endorsed by the Judicial Conference in 2003, these regulations govern responses to subpoenas issued to federal judges and employees seeking either documents or testimony. They establish an administrative process for subpoena requests, impose general limitations on the nature of responses, and direct agency employees not to comply with subpoenas that are not approved through the administrative process. The regulations are principally procedural in nature and do not interfere with substantive decisions by individual courts and officers as to the availability of official documents and testimony. For example, the regulations provide that for a subpoena directed to a judge or a member of a judge's personal staff, the judge is the official authorized to determine the proper substantive response to the subpoena. For a subpoena directed to a court unit or office, the determination would be assigned to the head of the unit or office, in consultation with the chief judge of the court, when appropriate.

# Guide to Judiciary Policy

Vol 20: Administrative Claims and Litigation

## Ch 8: Testimony and Production of Records

§ 810 Overview
      § 810.10 Purpose
      § 810.20 Authority
      § 810.30 Definitions
      § 810.40 Applicability

§ 820 Testimony and Production of Records

§ 830 Contents and Timeliness of a Request

§ 840 Identity of Determining Officer

§ 850 Procedure When Request Is Made

---

## § 810 Overview

### § 810.10 Purpose

    (a)    These regulations establish policy, assign responsibilities and prescribe procedures with respect to:

        (1)    the production or disclosure of official information or records by the federal judiciary; and

        (2)    the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

    (b)    The purpose of these regulations is, among other things, to:

        (1)    conserve the time of federal judicial personnel for conducting official business;

*Last substantive revision (Transmittal GR-4) September 2, 2009*
*Last revised (minor technical changes) May 31, 2012*

(2)  minimize the involvement of the federal judiciary in issues unrelated to its mission;

(3)  maintain the impartiality of the federal judiciary in disputes between private litigants;

(4)  avoid spending the time and money of the United States for private purposes; and

(5)  protect confidential and sensitive information and the deliberative processes of the federal judiciary.

## § 810.20 Authority

These regulations are promulgated under the authority granted the Director of the Administrative Office of the United States Courts, under the supervision and direction of the Judicial Conference of the United States,

(a)  to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts," 28 U.S.C. § 604(a)(1);

(b)  to "[p]erform such other duties as may be assigned to him by . . . the Judicial Conference of the United States," 28 U.S.C. § 604(a)(24);

(c)  to "make, promulgate, issue, rescind, and amend rules and regulations . . . as may be necessary to carry out the Director's functions, powers, duties, and authority," 28 U.S.C. § 604(f); and

(d)  to "delegate any of the Director's functions, powers, duties, and authority . . . to such officers and employees of the judicial branch of Government as the Director may designate," 28 U.S.C. § 602(d).

(These regulations were adopted by the Judicial Conference at its March 2003 session. JCUS-MAR 03, p. 9.)

| § 810.30 Definitions | |
|---|---|
| Information or Records | All information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status. |

| § 810.30 Definitions | |
|---|---|
| Judicial Personnel | All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel. This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and any similar personnel performing services for the federal judiciary. |
| Legal Proceedings | All pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any state or local body or agency, other than those specified in § 810.40(b). |
| Request | An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings. This definition includes requests for voluntary production or testimony in the absence of any legal process. |
| Testimony | Any written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents. |

## § 810.40 Applicability

    (a)    These regulations apply to:

        (1)    All components of the federal judiciary and their personnel, except the Supreme Court of the United States, the Federal Judicial Center, and the United States Sentencing Commission, and their personnel.

(b)     These regulations **do not** apply to:

    (1)     Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.

    (2)     Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties.

    (3)     Legal proceedings in which federal judicial personnel are to testify while in leave or off-duty status as to matters that do not arise out of the performance of official duties. These regulations do not seek to deny federal judicial personnel access to the courts as citizens in their private capacities on off-duty time.

    (4)     Congressional requests for testimony or documents.

    (5)     Requests governed by the garnishment regulations in the Guide, Vol 20, Ch 5.

    (6)     Proceedings conducted under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, under the authority conferred on the judicial councils of the respective federal judicial circuits by 28 U.S.C. § 332, or under the authority conferred on the Judicial Conference of the United States by 28 U.S.C. § 331.

    (7)     Requests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying.

## §820 Testimony and Production of Records

(a)     Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.

(b)     Testimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer designated in § 840(b). Additional conditions may be specified by the determining officer. The time for such testimony should be reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel.

(c)　Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.

(d)　These regulations are not intended to, and do not:

　　(1)　Waive the sovereign immunity of the United States; or

　　(2)　Infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

(e)　These regulations are intended only to govern the internal operation of the federal judiciary and are not intended to create, do not create, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable in law or equity against the United States or against the federal judiciary or any court, office, or personnel of the federal judiciary.

## § 830 Contents and Timeliness of a Request

(a)　The request for testimony or production of records must set forth, or must be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.

　　This explanation must contain sufficient information for the determining officer designated in § 840(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

(b)　The request for testimony or production of records, including the written statement required by § 830(a), must be provided to the federal judicial personnel from whom testimony or production of records is sought at least 15 working days in advance of the time by which the testimony or production of records is to be required. Failure to meet this requirement will provide a sufficient basis for denial of the request.

(c)     The determining officer designated in § 840(b) has the authority to waive the requirements of this section (830) in the event of an emergency under conditions which the requester could not reasonably have anticipated and which demonstrate a good faith attempt to comply with the requirements of these regulations.  In no circumstance, however, is a requester entitled to consideration of an oral or untimely request.  To the contrary, whether to permit such an exceptional procedure is a decision within the sole discretion of the determining officer.

## § 840 Identity of Determining Officer

(a)     Federal judicial personnel may not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer designated in § 840(b).

(b)     The determining officer authorized to make determinations under these regulations will be as follows:

      (1)     In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk), the determining officer will be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

      (2)     In the case of a request directed to a former federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by § 840(b)(1) or (b)(3), the determining officer will be the chief judge of the court on which the former judge previously served.

      (3)     In the case of a request directed to an employee or former employee of a court office (other than an employee or former employee covered by § 840(b)(1), such as the office of the clerk of court, the office of the circuit executive, the staff attorneys' and/or preargument attorneys' office, the probation and/or pretrial services office, and the office of the Federal Public Defender, the determining officer will be the unit head of the particular office, such

as the clerk of court, the circuit executive, the senior staff attorney, the chief probation officer, the chief pretrial services officer, or the Federal Public Defender.

**Note:** In these instances, the determining officer (except the Federal Public Defender, as provided below) should, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request.

The Federal Public Defender, in the case of a request related to the defender office's administrative function (but not requests related to the defender office's provision of representation pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and related statutes), should, as provided by local rule or order, consult with the chief judge of the court of appeals that appoints the Federal Public Defender regarding the proper response to such a request.

(4)     In the case of a request directed to an employee or former employee of the Administrative Office of the United States Courts, the determining officer will be the General Counsel of the Administrative Office.

(5)     In the case of a request not specified in subsections (1) through (4) above (such as, for example, a request made to federal judicial personnel as defined in § 810.30 ["judicial personnel"] who are not current or former judges or their staff, employees of a court office, or employees of the Administrative Office), the determining officer will be the officer designated to serve as the determining officer by the chief judge of the court served by the recipient of the request. In these instances, the determining officer (if someone other than the chief judge of the relevant court) should, if the circumstances warrant, consult with the chief judge of the relevant court regarding the proper response to a request.

## § 850 Procedure When Request Is Made

(a)     In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings covered by these regulations, the determining officer may determine whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.  The determining officer may

deny a request if the request does not meet any requirement imposed by these regulations.

In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.

(1)    The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2)    Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3)    Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4)    Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5)    Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6)    Whether the request is within the proper authority of the party making it.

(7)    Whether the request meets the requirements of these regulations.

(8)    Whether the request was properly served under applicable court, administrative, or other rules.

(9)    Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10)    Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial

responsibilities by federal judicial personnel in the decisional or deliberative process.

(11)　Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12)　Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13)　Whether the request seeks testimony, records or documents available from other sources.

(14)　Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15)　Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

　　　(A)　the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

　　　(B)　the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

(16)　Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.

(b)　Federal judicial personnel upon whom a request for testimony or the production of records in legal proceedings is made should promptly notify the determining officer designated in § 840(b). If the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in § 850(a), that the federal judicial personnel upon whom the request was made should not comply with the request, the federal judicial personnel upon whom the request was made should notify the requester of these regulations and must respectfully decline to comply

with the request. In appropriate circumstances federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — file a motion, before the appropriate court or other authority, to quash such a request or to obtain other appropriate relief.

(c)     If, after federal judicial personnel have received a request in a legal proceeding and have notified the determining officer in accordance with this section, a response to the request is required before instructions from the determining officer are received, federal judicial personnel should notify the requester of these regulations and inform the requester that the request is under review pursuant to these regulations. If necessary, federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — seek a stay of the request pending a final determination by the determining officer, or seek other appropriate relief.

(d)     If, in response to action taken under § 850(c), a court of competent jurisdiction or other appropriate authority declines to stay the effect of a request pending a determination by the determining officer, or if such court or other authority orders that the request be complied with notwithstanding the final decision of the determining officer, the federal judicial personnel upon whom the request was made must notify the determining officer and must comply with the determining officer's instructions regarding compliance with the order or request. Unless and until otherwise instructed by the determining officer, however, the federal judicial personnel upon whom the request was made must respectfully decline to comply with the order or request. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

ATTACHMENT 5

- Manage My PACER Account
- | Manage My Appellate Filer Account
- | Case Search Sign In



- HOME
- REGISTER
- FIND A CASE
- E-FILE
- QUICK LINKS
- HELP
- CONTACT US

- Login
- RSS

# Privacy and Security Notice

**Thank you for visiting the PACER Service Center Web Site and reviewing our Privacy and Security Notice.**

**PRIVACY**

The PACER Service Center values your privacy. If you visit our site to read or download information, we collect and store the following information:

- The name of the domain from which you access the Internet.
- The date and time you access our site.

PACER staff will not give, sell or transfer any personal information to third parties, except in the following cases:

- To secure payment of delinquent fees, identifying information may be transmitted to a collection agency.
- If compelled by law.
- If you direct us to do so.
- In other legally limited circumstances (for example, to protect your account from fraud).

For billing purposes, when you access court documents, we keep track of basic information about each transaction, such as the account, court, document type, search criteria, case number, time, date and number of pages. We also use session cookies to identify users. We will not provide this information to anyone, except for the situations set out above.

You also may decide to send us personal identifying information--your mailing address, for example--in a request for information. Information collected in this manner is used solely for responding to requests for information. You should **NEVER** send your PACER password to us in an electronic mail message.

When making payment by check, your check will be converted from a paper transaction to an electronic funds transfer in most cases. The conversion will be made by our authorized financial institution, in cooperation with the U.S. Department of Treasury, which contains information on negative check information or failed Automated Clearing House (ACH) debit entry transactions for certain checks that have been presented electronically to Federal agencies. Federal agencies will have access to check verification databases to determine the validity and/or check writing history of the payor. FMS will not disclose information from the Master Verification for purposes of check verification. Information may be used for law enforcement purposes and for other routine uses, such as systems development (See 68 Fed Reg. 5691 (2003) for a complete list of possible uses). Making payment by check is voluntary but a decision not to do so will require you to make payment by some other method.

For site management, information is collected for statistical purposes, such as assessing the number of visitors to the different sections of our site, identifying what information is of most and least interest, determining technical design specifications, and identifying system performance or problem areas. This information will be kept confidential.

Any attempt to collect data from PACER in a manner which avoids billing is strictly prohibited and may result in criminal prosecution or civil action. PACER privileges will be terminated if, in the judgment of judiciary personnel, they are being misused. Misuse includes, but is not limited to, using an automated process to repeatedly access those portions of the PACER application that do not assess a fee (i.e. calendar events report or case header information) for purposes of collecting case information). PACER account usage will be monitored for inappropriate use.

**SECURITY**

To identify unauthorized attempts to upload or change information, or otherwise cause damage, this Official United States Government System employs software programs to monitor network traffic. Unauthorized attempts to upload or change information stored on this system may result in

criminal prosecution.

To avoid unauthorized use of the PACER system, the PACER Service Center recommends that you do not leave your terminal unattended after logging into the PACER system. If you must leave your terminal unattended, close your open browsers. The PACER Service Center also recommends not bookmarking pages past the login screen of all Web PACER applications, and using a password protected screen saver.

| search this site |

Contact Us | Privacy | Policies and Procedures | About Us

This site is maintained by the Administrative Office of the U.S. Courts, PACER Service Center.
The purpose of this site is to provide information about locating and filing cases in U.S. federal courts.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J.D. ISAACS, an individual, | § | |
| | § | |
| Plaintiff/Movant, | § | |
| | § | |
| v. | § | Misc. Action No. SA-14-MC-12-XR |
| | § | Civil A. No.:12-CV-40(JL) (D.N.H.) |
| PACER Service Center, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

On this date, the Court having duly considered Plaintiff/Movant's Motion to Compel compliance with a Subpoena Duces Tecum issued to the PACER Service Center, and the Response thereto, and finding the Response well taken, Plaintiff's Motion is in all matters, DENIED.

Specifically, the Court finds that the Court's "Touhy Regulations", (*see, United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)), are applicable to Plaintiff's subpoena. *U.S. v. Wallace*, 32 F.3d 921 (5th Cir. 1994).

While there are differing views on the applicability of Touhy Regulations in the context of federal litigation, the Court has reviewed the recent analysis of the issue in *Beckett v. Serpas*, 2013 WL 796067 (USDC EDLA 2013), and is of the opinion that the analysis undertaken by that Court provides the proper standards of applicability and judicial review. Specifically, the Court finds that applicable Touhy Regulations should be followed and any review should be pursuant to the Administrative Procedures Act. 5 U.S.C. §706(2)(A), (to reject an agency's determination under the APA, the decision must be found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law".)

Here, there has been no effort by the Plaintiff to comply with the Court's applicable Touhy Regulations.  Accordingly, on that basis the Motion to Compel is denied.

Signed and entered this _____ day of _____, 2014.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE