UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J.D. ISAACS, | ) | |
| | ) | |
|     Plaintiff/Movant, | ) | |
| | ) | |
| VS. | ) | Misc. Action No.  SA-14-MC-12-XR |
| | ) | Civil Action No. 12-CV-40-JL (D.N.H.) |
| PACER SERVICE CENTER, | ) | |
| | ) | |
|     Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

On this date, the Court considered Plaintiff/Movant J.D. Isaacs' Motion to Enforce Subpoena Duces Tecum (docket no. 1).

## Background

Isaacs is the plaintiff in litigation currently pending in the District of New Hampshire.  In that litigation, Isaacs has sued Dartmouth-Hitchcock Medical Center, among others, alleging that he filed a lawsuit against a medical school in 2006 and that, upon graduating from a different medical school, he "received two jobs as a resident physician intern, and was abused by his directors who took an obsessive interest in his prior 2006 lawsuit."  Motion at 1. Plaintiff "alleges that throughout the course of his employment as a resident physician, [Dartmouth] knew about his 2006 ADA litigation and chose to constructively terminate him."  Motion at 2, 3.

To prove that the defendants in his lawsuit knew about his 2006 ADA litigation, Plaintiff sought certain PACER records.  On September 18, 2013, Plaintiff obtained a third-party subpoena from this Court commanding the PACER Service Center, located here in San Antonio, to produce "PACER access audit records (name of PACER user, docket item accessed, date accessed) for civil

case 06-cv-03338-GAF (Central District of California, *Isaacs v. Keck*), spanning September 2009 through August 2013." Doc. No. 1-1, Ex. A. The deadline for production was October 21, 2013. PACER did not file a motion to quash.

However, on November 11, 2013, Sigmund Adams, the Assistant General Counsel of the Administrative Office of the Courts, emailed Plaintiff a letter, in which he indicated that the request had been denied "because it fails to satisfy the federal judiciary's disclosure regulations and the PACER Privacy and Security Policy." Doc. No. 1-1, Ex. B. The letter stated that Isaacs specifically failed to satisfy "substantive and procedural grounds" set out by "§§ [8]30 and 850(a)" of the Judiciary's Disclosure Regulations. *Id.*

The Disclosure Regulations state that "[f]ederal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations." Discl. Regs. § 820. Section 830 of the Disclosure Regulations provides that a request for records "must set forth, or must be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means." *Id.* § 830. They further provide, "This explanation must contain sufficient information for the determining officer designated in § 840(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information." *Id.* Section 850(a) of the Regulations lists numerous factors for the determining officer to consider, including (1) the need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission, and (2) whether the request seeks testimony, records or documents available

from other sources.

Adams's letter stated that Plaintiff failed to provide "any explanation as to the relevance of the information . . . requested or a reason why it is not readily available from another source." In addition, the letter stated, the request was made "in connection with litigation between private parties," and "the Judiciary seeks to avoid spending its resources for private purposes and to minimize its involvement in matters unrelated to its mission." The letter further cited the PACER privacy notice as a concern.

Isaacs asserts that he "made diligent efforts to communicate" with the AO regarding his request. He provides a copy of an email he sent to Adams on November 25, 2013, attaching a draft of the motion to enforce subpoena and asking Adams to reconsider his decision. He also provides a copy of a December 30, 2013 email to Adams, to which he attached a copy of the motion. The email states, "Several weeks ago, we discussed the possibility that you could provide a 'negative response' that no academic institutions looked at CV-06-3338 in 2010-2011" but "[u]nfortunately, I have not heard back and the deadline for filing a motion to enforce the subpoena is near."

**Discussion**

Plaintiff moves to compel compliance with the subpoena pursuant to Federal Rule of Civil Procedure 45. *See* FED. R. CIV. P. 45(c)(2)(B)(i) (2013) ("[O]n notice to the commanded person, . . . the serving party may move the issuing court for an order compelling production or inspection."). On March 3, 2014, this Court noted that the subpoena appeared valid and that PACER had not moved to quash the subpoena. The Court ordered PACER to file a response to the motion to compel.

PACER Service Center and the AO ("Respondents"), represented by the United States Attorney's Office, filed a response asking the Court to deny the motion to compel because Plaintiff had not complied with the Judiciary's Disclosure Regulations and because there are privacy interests at stake for PACER users. Respondents assert that Isaacs failed to demonstrate relevance to the AO along with his request and failed "to narrow his general request." Respondents assert that "[t]he scope of the request, and review of the same certainly could have been developed and narrowed

through the interplay of the Court's Touhy Regulations had they been followed by Isaacs."[1]

Respondents acknowledge that the law is unsettled regarding enforcement of subpoenas in these circumstances, and recommend that the Court apply a framework analogous to that under the Administrative Procedure Act, which reviews agency decisions under an arbitrary and capricious standard. *See Beckett v. Serpas*, No. 12-910, 2013 WL 796067, at *4 (E.D. La. March 4, 2013) (discussing different court views regarding whether Rule 45 or the APA standard of review should apply, and applying the more stringent APA standard); *see also Palmer v. Hawkins*, No. 09-mc-0019, 2009 WL 3230750, at *3 (W.D. La. Oct. 2, 2009) ("The court is not persuaded that the Fifth Circuit has made any clear choice on the issue, but it is persuaded that the courts that have applied the APA standard have the better argument.").

Respondents further assert that PACER users have a reasonable expectation of confidentiality and privacy in their access to the system. The PACER website provides a "Privacy and Security Notice" to its users that informs them that PACER collects and stores information regarding the name of the domain from which they access the site as well as the date and time of access, but that PACER "will not give, sell or transfer any personal information to third parties, except in the following cases: To secure payment . . . ; If compelled by law; If you direct us to do so; In other legally limited circumstances (for example to protect your account from fraud)." Respondents state that they would have provided Isaacs with the information regarding specific individuals from whom he obtained proper releases. Alternatively, Respondents state they are willing "to provide the information sought by Isaacs to the Court for an *in camera* inspection and/or pursuant to a Privacy Order issued from the Court which would maintain the reasonable expectation of privacy of the PACER users pursuant to PACER's Privacy and Security Notice."

Respondents concede that the Judiciary and its agencies are not subject to the Administrative

---

[1]In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court affirmed the validity of disclosure regulations like those involved here. The Court recognized the importance of centralizing decisionmaking regarding whether to comply with or challenge a subpoena.

Procedure Act but nevertheless urge the Court to apply the more deferential APA standard of review. The Court concludes, however, that Rule 45 should govern this matter, given the fact that the APA does not apply and only one branch of government is involved.   Under these facts, Rule 45 adequately addresses the interests and concerns at play.   *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("We acknowledge the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations.  However, we are confident that district courts can, and will, balance the government's concerns under the general rules of discovery.").[2]

The Fifth Circuit has previously held that compliance with *Touhy* regulations is mandatory. *Unites States v. Wallace*, 32 F.3d 921 (5th Cir. 1994).  The Fifth Circuit does not appear to have addressed the issue in the context of regulations issued by non-executive agencies, and the Housekeeping Act generally cited as authorization for such regulations expressly applies only to executive agencies.  5 U.S.C. § 301 ("The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.").   The Judiciary's Disclosure Regulations are issued pursuant to 28 U.S.C. § 602 and § 604.

In any event, the Court finds that Isaacs sufficiently complied with the Regulations. Although his initial subpoena request and accompanying letter failed to demonstrate relevance and an inability to obtain the information from other sources, Isaacs attempted to communicate with the

_____

[2] The Court is mindful that the Fifth Circuit has noted that "that the government sometimes must be treated differently" and that "the government is in a special category in a number of respects, . . . in addition to its need for centralized decisionmaking."  *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993).  However, the government is adequately protected in this case by consideration of the typical Rule 45 factors as well as the factors outlined in the Disclosure Regulations.

AO after his initial subpoena request was denied.  He sent a copy of his draft motion to compel, which demonstrated the relevance of the records sought to his case, as well as the need to obtain the records from PACER.  Plaintiff stated that the defendants had covered up the evidence that they knew about the litigation prior to January 2012 and that five key witnesses had answered "I don't recall" approximately 100 times in depositions.  Although Isaacs states that "Defendants have admitted that they learned about the 2006 litigation through lawsuit searches," he also states that the PACER records could establish that Defendants accessed the records during the necessary time frame and that they possibly committed perjury.  It appears that Isaacs also attempted to narrow his request, offering to have a PACER designated official merely produce a "yes/no" response to whether his lawsuit was accessed by any educational institution in 2010 to 2011.  It does not appear that the AO responded with reasons for rejecting this supplemental request or requested additional information in light of Isaacs' continued pursuit of the records.

A court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818-19 (5th Cir. 2004). To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.  Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

Isaacs has demonstrated the relevance of the information and the need for it.  The Court finds that the subpoena is overbroad, however, and that it can be narrowed.  Isaacs states that the records almost certainly were accessed before January 2012, and he did not graduate from medical school until 2010.  Therefore, the 2009 to 2013 period in the subpoena is overbroad and will be narrowed

to the years 2010 and 2011.  Respondents did not file a motion to quash the subpoena.  They do not contend that responding to the subpoena would be burdensome, nor do they contend that the information is subject to privilege other than citing general privacy concerns for PACER users.  The Court finds that, to resolve any potential privacy concerns, the information shall be provided to the Court for *in camera* inspection before the Court makes any determination whether the records will be produced to Isaacs.

### Conclusion

Isaacs' Motion to Enforce Subpoena (docket no. 1) is GRANTED as modified.  Respondents are therefore ORDERED to produce to the Court for *in camera* inspection the following records: PACER access audit records (name of PACER user, docket item accessed, date accessed) for civil case 06-cv-03338-GAF (Central District of California, Isaacs v. Keck), spanning January 1, 2010 to December 31, 2011.  Access by any federal court personnel shall not be included in the records. Respondents shall provide the records *in camera* or filed under seal no later than May 22, 2014.

It is so ORDERED.

SIGNED this 22nd day of April, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE