UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **J.D. ISAACS,** ) | |
| ) | |
| **Plaintiff/Movant,** ) | |
| ) | |
| VS. ) | **Misc. Action No. SA-14-MC-12-XR** |
| ) | Civil Action No. 12-CV-40-JL (D.N.H.) |
| **PACER SERVICE CENTER,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**AMENDED ORDER**

On this date, the Court considered Plaintiff/Movant J.D. Isaacs' Motion to Enforce Subpoena Duces Tecum (docket no. 1) and Respondent PACER Service Center's *in camera* production of documents in response to this Court's order.

Isaacs is the plaintiff in litigation in the District of New Hampshire. In that litigation, Isaacs sued Dartmouth-Hitchcock Medical Center, among others, alleging that he filed a lawsuit against a medical school in 2006 and that, upon graduating from a different medical school, he "received two jobs as a resident physician intern, and was abused by his directors who took an obsessive interest in his prior 2006 lawsuit." Motion at 1. Plaintiff "alleges that throughout the course of his employment as a resident physician, [Dartmouth] knew about his 2006 ADA litigation and chose to constructively terminate him." Motion at 2, 3.

To prove that the defendants in his lawsuit knew about his 2006 ADA litigation, Plaintiff sought certain PACER records. On September 18, 2013, Plaintiff obtained a third-party subpoena from this Court commanding the PACER Service Center, located here in San Antonio, to produce certain records. When PACER did not produce the requested documents, Plaintiff moved to compel compliance with the subpoena pursuant to Federal Rule of Civil Procedure 45 in this Court.

The Court granted the motion to compel but narrowed the subpoena to the years 2010 and 2011. Accordingly, PACER was ordered to produce PACER access audit records (name of PACER user, docket item accessed, date accessed) for civil case 06-cv-03338-GAF (Central District of California, Isaacs v. Keck), spanning January 1, 2010 to December 31, 2011 for *in camera* inspection. Those records have been produced and reviewed by the Court.

Movant Isaacs is informed that none of the responsive records provide relevant information for his litigation. No one accessed the case records in 2011. In 2010, three individuals with the last names Bernard, Martin, and Harmon[1] accessed the records, but they do not appear to be related to the defendants in his litigation, and none are located in New Hampshire or its vicinity.

The Court directs the Clerk to CLOSE this matter.

It is so ORDERED.

SIGNED this 15th day of May, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] These individuals have addresses in California and Tennessee. To protect the privacy interests of PACER users and because these individuals appear to be wholly unrelated to the litigation, no further information concerning the identities of these individuals will be released to Mr. Isaacs.